IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| MICHAEL LOUIS HEPSTALL, | ) | Case No.: 8:20-cv-0877-JD-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court with two Reports and Recommendations of United States Magistrate Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  Plaintiff Michael Louis Hepstall ("Hepstall" or "Plaintiff") filed this *pro so* action on February 28, 2020, pursuant to the Federal Tort Claims Act ("FTCA").  (DE 1.)  Defendant United States of America ("Defendant") previously filed a motion to dismiss the Complaint for failure to state a claim on August 21, 2020. (DE 22.)  The Court issued an Order granting in part Defendant's Motion to Dismiss to the extent that Plaintiff challenges the adequacy of the medical treatment he received at FCI-Petersburg and to the extent he asserts that his constitutional rights were violated, and the motion was denied otherwise.  (DE 49.)

Thereafter, Defendant filed a partial Motion to Dismiss based on the same arguments previously raised but for causes of action related to Hepstall's medical malpractice claims arising

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

in Georgia and Michigan.[1] (DE 51.) On March 22, 2021, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment and motion to dismiss procedures and the possible consequences if he failed to respond adequately to the motion. (DE 52.) On April 15, 2020, the Plaintiff filed a response in opposition to the motion to dismiss. (DE 54.) On May 19, 2021, the magistrate judge issued a Report and Recommendation, recommending that Defendant's partial Motion to Dismiss be granted to the extent that Plaintiff challenges the adequacy of the medical treatment he received in Georgia and Michigan. (DE 60.)

Plaintiff then filed a Motion to Grant Relief on the Pleadings. (DE 64.) On December 9, 2020, the magistrate judge issued a Report and Recommendation, recommending that Plaintiff's Motion to Grant Relief on the Pleadings be denied without prejudice as premature.[2] (DE 78.) For the reasons stated below, the Court adopts the Reports and Recommendations and grants Defendant's partial Motion to Dismiss denies Plaintiff's Motion to Grant Relief on the Pleadings.

---

[1]     In its first motion to dismiss, Defendant did not address alleged medical malpractice claims arising in Georgia, Michigan, or Oklahoma because Defendant did not interpret Plaintiff's complaint to include medical malpractice claims arising in these states. However, viewing the *pro se* complaint liberally, the Magistrate Judge did so. Although the Defendant objected and argued for dismissal for any alleged malpractice arising in these states (DE 42), this Court determined that these arguments were not properly before it because they were not raised in "the Motion to Dismiss at the outset and properly before the Court." (DE 49, p.4.) Now, Defendant requests that it be permitted to submit this second dismissal motion because it is not interposed for delay, narrows the issues, and will spare later time and resources, and the Court agrees.

[2]     Plaintiff filed no objections to this Report and Recommendation. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

2

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

The record, viewed on the face of the Complaint, reveals the following. Plaintiff Michael Louis Hepstall is a former Bureau of Prisons ("BOP") inmate who was previously incarcerated at the Federal Correctional Institution ("FCI") in Petersburg, Virginia, and released on May 18, 2020. (DE 1, pp. 4-5.) Plaintiff alleges that BOP staff at FCI-Manchester caused him serious injury when they acted negligently and with deliberate indifference to his serious medical needs by failing to give instructions to relevant staff regarding Plaintiff's claustrophobia so that he could be safely transported and transferred to FCI-Petersburg from FCI-Manchester in Manchester, Kentucky, resulting in his personal injury. (DE 1, p. 4; DE 1-2, p. 1.) Plaintiff also alleges that BOP staff at FCI-Petersburg and USP Atlanta acted negligently and with deliberate indifference to his serious medical needs by failing to give him adequate medical treatment, specifically prompt surgery to address his broken jaw and, in the case of the staff at USP Atlanta, by allowing him to be transferred to Oklahoma Transit Center. (DE 1, p. 4; DE 1-1, pp. 2-3; DE 1-2, pp. 1-2.) For his injuries, Plaintiff alleges that he has suffered a broken jaw, that his bite mark cannot be fixed, and that he continues to suffer constant pain. (DE 1, p. 4.) For his relief, he requests compensatory and punitive damages. (DE 1, p. 5.) He alleges that he has exhausted his administrative remedies by submitting a Form 95. (Id.)

Defendant contends Hepstall's complaint must be dismissed in part since Hepstall fails to state a claim upon which relief can be granted under Rule 12(b)(6), FRCP, because he failed to submit expert affidavits with his complaint as required for medical malpractice claims under Georgia and Michigan state laws, respectively. The Report and Recommendation recommends that Defendant's partial motion to dismiss be granted. Plaintiff filed objections to the Report and Recommendation, stating "Plaintiff argues that the R&R should be disregarded, and a STAY

3

issued until Plaintiff's Motion to take Judicial Notice of adjudicative facts and clarification is decided."[3] (DE 62, p. 1.)  Of four total objections, two relate to Plaintiff's pending motion for clarification at Docket Entry 56, and the remaining two are general objections to the applicable Report and Recommendation.  This matter is now ripe for review.

## II.    DISCUSSION

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'"  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that the Plaintiff's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate his arguments.  Accordingly, after review, the Court finds that Hepstall's objections are without merit.  Therefore, after a thorough review of the Report and Recommendation and the

---

[3]   Concurrently herewith and pursuant to a Text Order, the Court denies Plaintiff's Motion to Take Judicial Notice of Adjudicative Facts, Pursuant to the F.R.E. 201(b)(2), (c)(2) & Request to Clarify Its March 8, 2021 Opinion & Order (DE 56).

4

record in this case, the Court adopts the Reports and Recommendations and incorporates them herein by reference.

It is, therefore, **ORDERED** that Defendant's partial Motion to Dismiss (DE 51) is granted, and Plaintiff's Motion to Grant Relief on the Pleadings (DE 64) is denied.

**IT IS SO ORDERED.**

*Joseph Dawson, III*
United States District Judge

Greenville, South Carolina
November 29, 2021

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.