IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| MICHAEL LOUIS HEPSTALL, | Case No.: 8:20-cv-0877-JD-JDA |
| Plaintiff, | |
| vs. | **OPINION & ORDER** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

This matter is before the Court with a Report and Recommendation of United States Magistrate Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Plaintiff Michael Louis Hepstall ("Hepstall" or "Plaintiff") filed this *pro se* action on February 28, 2020, pursuant to the Federal Tort Claims Act ("FTCA"). (DE 1.) Defendant United States of America ("Defendant") filed a Motion for Summary Judgment on February 11, 2022.[2] (DE 92.) On February 15, 2022, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Defendant previously filed a Motion to Dismiss the Complaint for failure to state a claim on August 21, 2020. (DE 22.) The Court issued an Order granting in part Defendant's Motion to Dismiss to the extent that Plaintiff challenges the adequacy of the medical treatment he received at FCI-Petersburg and to the extent he asserts that his constitutional rights were violated, and the motion was denied otherwise. (DE 49.) Thereafter, Defendant filed a partial Motion to Dismiss based on the same arguments previously raised but for causes of action related to Hepstall's medical malpractice claims arising in Georgia and Michigan. (DE 51.) On November 29, 2021, the Court issued an Order granting Defendant's partial Motion to Dismiss to the extent that Plaintiff challenges the adequacy of the medical treatment he received in Georgia and Michigan. (DE 81.) The instant Motion for Summary Judgment applies to the remaining claims in this action.

judgment and motion to dismiss procedures and the possible consequences if he failed to respond adequately to the motion. (DE 93.) On April 29, 2022, Plaintiff filed a Motion to Strike Pursuant to FRCVP 12(f).[3] (DE 101.) Plaintiff filed a response in opposition to the motion for summary judgment (DE 103), and Defendant filed a reply (DE 104). On June 23, 2022, the magistrate judge issued a Report and Recommendation, recommending that Defendant's Motion for Summary Judgment be granted to the extent that Plaintiff's claims are based on any actions or omissions occurring while Plaintiff was incarcerated in Kentucky or Oklahoma. (DE 105.)

For the reasons provided herein, the Court adopts the magistrate judge's Report and Recommendation.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The record, viewed in a light most favorable to the Plaintiff, reveals the following. Plaintiff Hepstall is a former Bureau of Prisons ("BOP") inmate who was previously incarcerated at the Federal Correctional Institution ("FCI") in Petersburg, Virginia, and was released on May 18, 2020. (DE 1, pp. 4-5.) Plaintiff alleges that BOP staff at FCI-Manchester negligently and with deliberate indifference caused him serious personal injury by failing to give instructions to relevant staff regarding Plaintiff's claustrophobia so that he could be safely transported and transferred to FCI-Petersburg from FCI-Manchester in Manchester, Kentucky. (DE 1, p. 4; DE 1-2, p. 1.) Plaintiff also alleges that BOP staff at FCI-Petersburg and USP Atlanta acted negligently and with deliberate indifference to his serious medical needs by failing to give him adequate medical treatment, specifically prompt surgery to address his broken jaw and, in the case of the staff at

---

[3]     In this motion, Plaintiff requests that the Court strike Defendant's Motion for Summary Judgment contending that the motion is "redundant, immaterial, impertinent, [and] scandalous." (DE 101, p. 1.) However, Plaintiff does not provide any explanation in support of his characterization of Defendant's motion (except arguments as to why Defendant is not entitled to summary judgment); therefore, the Court finds that this motion is without merit and dismisses it without any further discussion herein.

USP Atlanta, by allowing him to be transferred to Oklahoma Transit Center. (DE 1, p. 4; DE 1-1, pp. 2-3; DE 1-2, pp. 1-2.) For his injuries, Plaintiff alleges that he has suffered a broken jaw, that his bite mark cannot be fixed, and that he continues to suffer constant pain. (DE 1, p. 4.) For his relief, he requests compensatory and punitive damages. (DE 1, p. 5.) He alleges that he has exhausted his administrative remedies by submitting a Form 95. (Id.)

Defendant contends Hepstall's remaining claim for negligence and deliberate indifference against FCI Manchester and the Oklahoma Transit Center should be dismissed because this Court lacks subject-matter jurisdiction since Plaintiff has not exhausted his administrative remedies regarding such claims.[4] Plaintiff filed objections to the Report and Recommendation. (DE 109.) This matter is now ripe for review.

## II.     DISCUSSION

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific

---

[4] The Federal Tort Claims Act, 28 U.S.C. § 1346(b) and §§ 2671, *et seq*., provides a limited waiver of sovereign immunity whereby the United States government submits itself to be sued in limited situations for negligent acts by its employees, in which private individuals under similar circumstances would be liable under state law. 28 U.S.C. § 1346(b) and §§ 2671, *et seq*. A suit under the FTCA lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees. See Myers & Myers, Inc. v. USPS, 527 F.2d 1252, 1256 (2d Cir. 1975).

objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that many of the Plaintiff's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate his arguments. However, the Court has identified one specific objection, which will be addressed herein. Hepstall objects to the Report's recommendation that the Plaintiff's administrative claim put the Defendant on notice as to claims involving his incarceration in Kentucky and Oklahoma. Hepstall points to correspondence indicating that his administrative claim was transferred from the North Central Regional Office to the Mid-Atlantic Regional Office. (DE 1-2, pp. 5, 10.) However, the fact that his claim was transferred does not alter and enhance the substance of the claim, which would not have put the government on notice to investigate any events that occurred while Plaintiff was at FCI-Manchester. Plaintiff's administrative claim did not reference FCI-Manchester, and Plaintiff's last day at FCI-Manchester was nearly three years earlier, on September 17, 2015. (DE 92, p. 12.) Further, while Plaintiff's administrative claim indicated that he was treated in Oklahoma, it did not give any indication that he was dissatisfied with that treatment. Accordingly, the Defendant was not on notice of Plaintiff's claims as to these locations, and the Court overrules this objection.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that Plaintiff's Motion to Strike (DE 101) is denied, Defendant's Motion for Summary Judgment (DE 92) is granted, and this action is dismissed.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 22, 2022

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

5